# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO RODRIGUEZ,<br><br>　　　　Petitioner,<br><br>　　　v.<br><br>WARDEN FCI LOMPOC, et al.,<br><br>　　　　Defendants. | NO. CV 14-1041-SJO (AGR)<br><br>ORDER TO SHOW CAUSE |

　　　On March 4, 2014, Plaintiff filed a civil rights complaint. For the reasons discussed below, it appears that Plaintiff does not wish to prosecute this action.

　　　The court therefore orders Plaintiff to show cause on or before **January 20, 2015**, why the court should not recommend dismissal without prejudice based on failure to prosecute.

**I.**

**SUMMARY OF PROCEEDINGS**

On August 5, 2014, Defendants filed a motion to dismiss the complaint ("MTD"). On August 6, 2014, the court set a briefing schedule for the MTD. The court's order was mailed to FCI Lompoc, where Plaintiff was incarcerated, and returned on August 18, 2014 because Plaintiff was no longer incarcerated. (Dkt. No. 29.) On August 11, 2014, Plaintiff filed a notice of change of address based on his release from prison. On August 13, 2014, the court filed an order to show cause ("OSC") regarding Plaintiff's failure to pay the partial filing fee. (Dkt. No. 28.) The deadline for responding to the August 13 OSC was November 11, 2014. (*Id.*) Plaintiff did not file a response. The OSC was mailed to his new address, then his address of record. On September 23, 2014, the court ordered Plaintiff to oppose the MTD by October 23, 2014. (Dkt. No. 30.) Plaintiff has not filed an opposition.

**II.**

**LEGAL STANDARD**

It is well established that a district court has the authority to dismiss a plaintiff's action because of his failure to prosecute or comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and avoid congestion in district court calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order of the court).

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, a district court should consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy

favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260-61 (failure to comply with court orders).

### III.
### ORDER

IT IS THEREFORE ORDERED that on or before ***January 20, 2015***, Plaintiff shall show cause why this court should not recommend dismissal without prejudice for failure to prosecute.

**If Plaintiff fails to respond to this order to show cause by January 20, 2015, the court will recommend that the complaint be dismissed without prejudice for failure to prosecute.**

DATED: December 18, 2014

*Alicia G. Rosenberg*
ALICIA G. ROSENBERG
United States Magistrate Judge